UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ERIN M. MARINE, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-10746 |
| WENDY'S INTERNATIONAL, LLC, et al., Defendants | SECTION "E" (5) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants Haza Foods of Louisiana, LLC ("Haza") and Wendy's International, LLC ("Wendy's") (collectively, "Defendants").[1] Plaintiff Erin Marine opposes the motion.[2] Defendants filed a reply.[3] For the following reasons, the motion is **DENIED.**

## BACKGROUND

Plaintiff Erin M. Marine alleges she suffered injury as a result of a slip and fall that occurred at a Wendy's location on Stumpf Boulevard in Gretna, Louisiana on April 14, 2017.[4] Plaintiff alleges that, as she walked to the condiment counter, she slipped and fell on "an unmarked slippery substance that can be identified as water and soap from a mopping that was performed by a Wendy's employee."[5] Plaintiff asserts her fall is the result of various acts of negligence on the part of Defendants and seeks damages for bodily injuries.[6] On March 19, 2019, Defendants filed the instant Motion for Summary

---

[1] R. Doc. 57.
[2] R. Doc. 64.
[3] R. Doc. 73.
[4] R. Doc. 1-1; R. Doc. 57-9 at ¶ 1; R. Doc. 64-1 at ¶ 1.
[5] R. Doc. 28 at ¶ 6; R. Doc. 57-9 at ¶¶ 1, 3; R. Doc. 64-1 at ¶¶ 1, 3.
[6] R. Doc. 28 at ¶ 8; R. Doc. 57-9 at ¶ 2; R. Doc. 64-1 at ¶ 2.

1

Judgment, arguing there is no evidence in the record to support essential elements of Plaintiff's negligence claim against them.[7]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] "An issue is material if its resolution could affect the outcome of the action."[9] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[10] All reasonable inferences are drawn in favor of the nonmoving party.[11] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[12]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[13] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

---

[7] R. Doc. 57.
[8] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[9] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[10] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[11] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[12] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[13] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[14]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[15] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[16] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[17] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[18] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must

---

[14] *Celotex*, 477 U.S. at 322–24.
[15] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[16] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[17] *Celotex*, 477 U.S. at 332–33.
[18] *Id.*

either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[19] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[20]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[21]

## LAW AND ANALYSIS

Under Louisiana law, "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage."[22] A Plaintiff in a slip and fall action has the burden of proving the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

---

[19] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[20] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.
[21] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[22] La. R.S. § 9:2800.6.

4

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

The statute includes the following definitional provisions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.

Defendants move for summary judgment, arguing Plaintiff is unable to establish that they either created or had actual or constructive knowledge of the condition that caused her fall. Defendants also argue Plaintiff is unable to establish they breached the duty of reasonable care. To defeat Defendants' summary judgment, Plaintiff must call "the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party"[23] to demonstrate the existence of a genuine issue of material fact.

The parties dispute whether the floor in the area of Plaintiff's fall was wet, and as a result, whether a condition existed which presented an unreasonable risk of harm. It is undisputed that Plaintiff took a video following her fall.[24] Defendants purport the video shows the entire floor in the area of Plaintiff's fall was dry.[25] Plaintiff contends the video does not depict the area where she slipped and fell.[26] Plaintiff testified there was water in the area where she fell[27] but also testified she did not see anything on the floor because

---

[23] *Celotex*, 477 U.S. at 332–33.
[24] R. Doc. 57-9 at ¶ 6; R. Doc. 64-1 at ¶ 6.
[25] R. Doc. 57-9 at ¶ 7.
[26] R. Doc. 64-1 at ¶ 7; R. Doc. 64-3 at 7-8.
[27] R. Doc. 64-3 at 6, 11.

she was looking straight ahead.[28] Although Plaintiff testified she did not see a puddle of water, she testified the area where she fell was damp.[29] Shawn Wells, a Wendy's customer present at the time of the accident, testified that, prior to Plaintiff's fall, he witnessed a Wendy's employee pushing a bucket with a mop and that the bucket sloshed on the floor.[30] Mr. Wells testified the bucket sloshed to the left of the area where Plaintiff fell[31] but also testified the area where Plaintiff fell looked glossy, as though it had been mopped.[32] Christine Billiot, Mr. Wells's wife who was at Wendy's with him that day, testified the floor was shiny and glossy like it was wet.[33] However, after looking at a picture of the area where Plaintiff slipped and fell, Wendy's employee Lorintha Houston testified the floor appeared dry.[34]

The parties also dispute whether a Wendy's employee mopped the area where Plaintiff fell and, as a result, whether Defendants created or had actual or constructive knowledge of the condition of the floor. Defendants argue Plaintiff has no information to suggest that a Wendy's employee was actually mopping or that a Wendy's employee caused, or was aware of, the liquid's presence prior to her fall.[35] Wendy's employee Lorintha Houston testified no one had mopped the area where Plaintiff fell.[36] Plaintiff testified an employee had just mopped the area where she fell,[37] but Plaintiff admitted she did not actually see the employee mopping the area.[38] Mr. Wells testified he saw an

---

[28] R. Doc. 57-3 at 23.
[29] R. Doc. 64-3 at 12.
[30] R. Doc. 64-4 at 2.
[31] *Id.*
[32] *Id.* at 4-5.
[33] R. Doc. 64-5 at 8, 11-12.
[34] R. Doc. 57-7 at 5.
[35] *Id.* at ¶ 10.
[36] R. Doc. 57-7 at 2, 6.
[37] R. Doc. 64-3 at 8.
[38] R. Doc. 57-3 at 7.

employee pushing a bucket with a mop[39] but admitted he did not see the employee mopping the area where Plaintiff fell.[40] However, Mr. Wells testified the area where Plaintiff fell was glossy as though it had just been mopped.[41] Mr. Billiot testified he told the employee "the floor is wet" and "you know it's wet" and she responded "okay."[42] Ms. Billiot testified that, prior to Plaintiff's fall, she saw a woman removing a mop and bucket from the area where Plaintiff fell.[43] Ms. Billiot also testified she did not actually see the woman mopping the area.[44]

    The parties further dispute whether there was a wet floor sign present in the area where Plaintiff fell and, as a result, whether Defendants failed to exercise reasonable care. Plaintiff testified that, prior to her fall, there was a wet floor sign posted to the right of the area where she fell.[45] Plaintiff testified her view of the wet floor sign was obstructed by an island in the restaurant.[46] Wendy's employee Lorinthia Houston testified there was a wet floor sign in the area before Plaintiff fell.[47] Mr. Wells testified there was no wet floor sign in the area before Plaintiff's fall and that he witnessed a Wendy's employee pull a wet floor sign out of the closet after Plaintiff's fall.[48] Ms. Billiot testified she did not see a wet floor sign posted in the area where Plaintiff fell[49] but that, after she got her food and walked around the counter, she did see a wet floor sign in a corner near the door.[50]

---

[39] R. Doc. 64-4 at 2.
[40] R. Doc. 57-5 at 4.
[41] R. Doc. 64-4 at 4-5.
[42] *Id.* at 2-3, 9.
[43] R. Doc. 57-6 at 3.
[44] *Id.*
[45] R. Doc. 57-3 at 19-20.
[46] *Id.* at 21; R. Doc. 64-3 at 4, 7.
[47] R. Doc. 57-7 at 4.
[48] R. Doc. 64-4 at 9, 12.
[49] R. Doc. 64-5 at 3, 9.
[50] *Id.* at 4-5, 9-10.

These factual disputes regarding the condition of the floor, the presence of a Wendy's employee mopping, and the presence of a wet floor sign are material to a determination of whether a condition existed at the Wendy's location which created an unreasonable risk of harm, whether Defendants created the condition or had actual or constructive knowledge of the condition, and whether Defendants exercised reasonable care. These material factual disputes preclude summary judgment.

## CONCLUSION

**IT IS ORDERED** that the Motion for Summary Judgment[51] filed by Defendants Haza Foods of Louisiana, LLC and Wendy's International, LLC is **DENIED**.

**New Orleans, Louisiana, this 5th day of April, 2019.**

                *Susie Morgan*
                **SUSIE MORGAN**
         **UNITED STATES DISTRICT JUDGE**

---

[51] R. Doc. 57.